UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **EMILY WILLIAMS** | **CIVIL ACTION NO: 22-CV-3826** |
| **VERSUS** | **JUDGE DARREL JAMES PAPILLION** |
| **UNITED STATES OF AMERICA** | **MAGISTRATE JUDGE JANIS VAN MEERVELD** |

## ORDER AND REASONS

Before the Court is a Motion to Modify Scheduling Order filed by the Government. R. Doc. 33. The Government asks the Court to reopen the parties' dispositive motion deadline because the Government recently learned of information it argues is dipositive of the claims of Plaintiff, Emily Williams-Toennies, who opposes this motion. R. Doc. 35. A scheduling order "may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). In determining whether the movant has met its burden, the court considers: (1) the movant's explanation for failing to meet the deadline; (2) the importance of the requested relief; (3) the potential prejudice in granting the relief sought; and (4) the availability of a continuance to cure such prejudice. *S&W Enters., LLC v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003) (internal citation omitted). *Disedare v. Brumfield*, No. 22-CV-2680, 2024 WL 1514195 (E.D. La. Apr. 8, 2024) (applying this standard to a motion to reopen the dispositive motion deadline).

Despite Plaintiff's insistence to the contrary, the Court finds the Government has met this burden. The information forming the basis for the Government's proposed motion was disclosed for the first time in the parties' April 24, 2024 pretrial order. Although Plaintiff appears to contest whether this information is dispositive of the case, the Court finds the motion will, at a minimum, assist the Court, as the trier of fact in this case, to narrow the issues in this matter.

Allowing the Government to file its motion will not prejudice Plaintiff. Plaintiff will have the opportunity to oppose the Government's motion with an opposition brief, and the Court has no reason to believe that allowing the Government to file its proposed motion will affect the parties' trial date, which was recently continued to January 13, 2025, due to conflicts on the Court's calendar. Accordingly,

**IT IS ORDERED** that the Government's Motion to Modify Scheduling Order (R. Doc. 33) is **GRANTED**, and the Government may file a motion for summary judgment limited to the issues outlined in its Motion to Modify Scheduling Order. Any such motion shall be filed on a date that permits, under the applicable rules of this Court, a submission date of **July 24, 2024.**

New Orleans, Louisiana, this 12th day of June 2024.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

2